## Uri VAUGHAN v. Paul CANIK and J. W. Doxey.

### No. 1275.

Court of Appeal of Louisiana. First Circuit.

Jan. 22, 1934.

Modisette & Adams, of Jennings, for appellant.

J. Sheldon Toomer, of Lake Charles, for appellees.

ELLIOTT, Judge.

In this case Paul Canik, one of the defendants and appellees herein, has, since it was submitted, departed this life, leaving surviving him Mistress Paul Canik, his widow in community, and seven children, to wit, Frank F. Canik, Steven Canik, Joseph Canik, George Canik, Veronica Canik, Caroline Canik, and Gertrude Canik, all born of his marriage with her, and his said widow and his said children, being his sole heirs, have by order of this

court been made parties defendant, appellees, in the place and stead of said Paul Canik, deceased.

For the reasons stated in the suit entitled Uri Vaughan v. Paul Canik and L. O. Miller (No. 756 on the docket of the district court, parish of Cameron) 152 So. 364, the judgment appealed from herein is annulled, avoided, and set aside, the note of testimony is reopened, and the case remanded on the question of prescription.

The plaintiff is to have an opportunity, exercising proper diligence, to obtain and put into the note of testimony further testimony in support of the payments, appearing as credits on the backs of the notes sued upon, to show the dates of payment, and that the payments emanated from the makers of the note or one of them, and that the letters offered in evidence emanated from the makers and are in their handwriting, or one of them, and were written by their authority and direction or one of them, expressly or tacitly given. Plaintiff is to have the right to show, if he can, the interruption of the prescription pleaded by any additional evidence legally obtainable and admissible.

The defendants are to have equal right and opportunity to obtain and support by any additional, admissible evidence the prescription pleaded.

The case to be then resubmitted and disposed of as in due course.